UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALEJANDRO ORTUNO ORTUNO (A-244-752-031),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07525-DC-CKD (HC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 7) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 8, 2026, the magistrate judge filed findings and recommendations recommending that Petitioner's habeas petition be granted. (Doc. No. 7.) The magistrate judge rejected Respondent's argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the undersigned's analysis in *Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025), *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025), *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), and *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026). (*Id.*) However, unlike the petitioners who were ordered released in those cases, the magistrate judge

recommended that Petitioner be provided a post-deprivation bond hearing rather than release because of his recent arrest for driving under the influence. (*Id.*)

The findings and recommendations contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) On October 15, 2026, Respondent objected "to the findings and recommendations for the reasons stated in [Respondent's] Response [to the petition]." (Doc. No. 8.) However, those arguments were already addressed and rejected by the magistrate judge in this case and the undersigned in the cases cited in the findings and recommendations.

Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco*, 818 F. Supp. 3d 1141 (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato*, 815 F. Supp. 3d 1113 (same); *D.L.C.*, 2026 WL 25511 (same); *Altin*, 2026 WL 309563 (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections provide no basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. However, consistent with this court's recent decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody. Respondent neither argues nor explains why Petitioner's criminal history renders inapplicable this court's previous determination that similarly situated noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be re-detained by immigration authorities. Further, the

undersigned is unpersuaded that a mere mention of Petitioner's "criminal history"—consisting of a driving under the influence charge which the criminal justice system is managing through ongoing criminal proceedings—is sufficient to explain why Petitioner was not entitled to due process before his immigration detention. (*See* Doc. No. 5 at 2, 6); *see also Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest). Therefore, the undersigned will grant the petition for a writ of habeas corpus and order that Petitioner be released immediately.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 8, 2026 (Doc. No. 7), are ADOPTED IN PART;
2. Petitioner Cesar Alejandro Ortuno Ortuno's (A-244-752-031) petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED, as follows:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondent's custody with the same conditions he was subject to immediately prior to his detention on in September 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in

accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which the government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dena Coggins
United States District Judge